UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Rudy Stanko,** | **Civil No. 08-856 (JNE/JJG)** |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Warden M. Cruz, et al.,** | |
| Respondents. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes to the undersigned on a petition for a writ of habeas corpus under 42 U.S.C. § 2241 (Doc. No. 1). Petitioner Rudy Stanko, who is currently incarcerated at the federal prison in Waseca, is proceeding on his own behalf. The respondents are represented by Tricia A. Tingle, Assistant United States Attorney. The petition is referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a).

Mr. Stanko (Stanko) principally asserts that he is entitled to a one-year reduction of the term of his imprisonment for participation in a residential drug abuse program (RDAP). Because prison staff refused to let him join the program, Stanko argues, he is denied his right to a reduced sentence. This argument arises from 18 U.S.C. § 3621(e)(2)(B), which provides in relevant part,

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [residential drug abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Stanko offers several arguments to show how prison officials unlawfully denied him the sentence reduction in this statute. Three of the arguments allege constitutional violations; the remaining arguments challenge how prison officials applied the statute.

**A.     Constitutional Issues**

Stanko's first constitutional argument is that, because § 3621(e) provides for a reduced sentence, the statute creates a vested liberty interest for purposes of due process. So when prison officials prevented him from joining RDAP, Stanko asserts, they violated due process.

The statute says that the BOP *may* reduce the term of imprisonment. As the respondents observe, the word "may" means that the BOP has discretion to reduce the term of imprisonment. And this discretion means there is no vested liberty interest, and likewise, no basis for a violation of due process. *See Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007); *Hunnicutt v. Hawk*, 229 F.3d 997, 1001 (10th Cir. 2001); *Trobaugh v. Hawk*, 19 Fed.Appx. 461, 462 (8th Cir. 2001) (per curiam).

Stanko also argues that § 3621(e), and assorted rules and regulations under the statute, violate principles of equal protection. He contends that, because the statute only allows reduced sentences for those with substance abuse issues, those without such problems are unfairly denied the opportunity for a reduced sentence.

When examining whether a particular statute violates equal protection, the initial question is whether a classification in that statute involves a protected class or a fundamental right. If not, then the classification is subject to rational basis review, meaning there is no violation of equal protection so long as there is a plausible public policy that supports the classification. *Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 442 (8th Cir. 2007).

No protected class, such as race or sex, is involved here. The classification distinguishes between those who need substance abuse treatment and those who do not. *Cf. Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001) (ruling that, where social security laws restricted benefits for those suffering from alcoholism or drug addiction, rational basis review applies); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994) (holding that where law enforcement allegedly discriminated against alcoholics, equal protection claim required rational basis review).

And consistent with the prior discussion of due process liberty interests, no fundamental right attaches to a discretionary privilege such as a reduction in the term of sentence. *See Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000); *Perez v. Hemingway*, 157 F.Supp.2d 790, 795-96 (E.D.Mich. 2001). The statute is instead concerned with substance abuse treatment for prisoners, a matter of social policy that is ordinarily subject to rational basis review. *Cf. Minnesota Senior Federation v. United States*, 273 F.3d 805, 808 (8th Cir. 2001) (indicating that matters of social policy are subject to rational basis review) (quoting *Federal Communications Comm'n v. Beach Communications*, 508 U.S. 307, 314 (1993)).

The Government has a reasonable interest in encouraging substance abuse treatment for prisoners. To promote this interest, § 3621(e) allows discretionary sentence reductions for those who complete treatment; but to protect public safety, such reductions are not allowed for those convicted of violent offenses. These concerns plainly supply a rational basis for the statute, and thus it does not violate equal protection. *See Cook*, 208 F.3d at 1322; *Cushenberry v. Federal Medical Center*, 530 F.Supp.2d 908, 913-14 (E.D.Ky. 2008).

Stanko has one other constitutional argument, that § 3621(e) and its regulations create an unconstitutional bill of attainder, which is forbidden under Article I, § 9 of the U.S. Constitution. Such a bill occurs where Congress, by a legislative act, imposes punishment against a particular

person or group without trial. The rationale is that, because trial and punishment are committed to judicial process, Congress cannot usurp the judicial role by inflicting punishment directly. *See United States v. Van Horn*, 798 F.2d 1166, 1168 (8th Cir. 1986).

Where a person is convicted for a crime in accordance with judicial process, statutes that prescribe the punishment for the crime are not bills of attainder, as such statutes do not usurp the judicial role. *Van Horn*, 798 F.2d at 1168. And where a statute withholds a benefit or privilege, the statute does not implicate punishment and therefore cannot be a bill of attainder. *See Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir. 1985).

Section 3621(e) appears in a sentencing statute. Taken in its entirety, the statute governs the penalties for those already convicted for crimes in accordance with judicial process, and so it cannot be a bill of attainder. Furthermore, the RDAP provision in paragraph (e) does not impose any punishment. It instead confers a privilege, allowing a sentence reduction at the discretion of the BOP. In the analysis for bills of attainder, withholding this privilege is not a punishment, and this result also demonstrates that the statute is not a bill of attainder.

**B.     Application of § 3621(e)**

Stanko also contends that prison officials misapplied § 3621(e), and but for their errors, he would be entitled to a sentence reduction. He presents two arguments in this area. The first is that prison officials improperly disqualified him from RDAP, based on a mistaken determination that he has no substance abuse problems.

According to Stanko, prison officials overlooked relevant evidence on this point. Stanko cites three alcohol-related driving offenses from the 1980s, adding that his current supervised release conditions bar him from using or possessing alcohol. The respondents counter that they

4

have yet to determine whether Stanko qualifies for RDAP and that his complaints are premature. For reasons that will become evident, it is not necessary to address these arguments.

Stanko's other argument is that, even if he participates in RDAP, prison officials cannot deny him a sentence reduction based on his firearms conviction. The record shows that Stanko is imprisoned for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and false representation of a social security number, 42 U.S.C. § 408(a)(7)(B). Stanko asserts that, because the firearms conviction is a nonviolent offense, prison officials cannot deny him a sentence reduction under § 3621(e).

The respondents answer that the firearms conviction is already treated as a nonviolent offense under § 3621(e), but in accordance with the BOP's discretion under the statute, they may still deny a sentence reduction.

As the U.S. Supreme Court ruled in *Davis v. Lopez*, the BOP may exercise its discretion under § 3621(e) categorically. 531 U.S. 230, 237-38 (2001). After recognizing that possession of a firearm under § 922(g) is *not* a violent offense, the Court upheld the BOP's discretion under § 3621(e) to deny sentence reductions for those convicted of that offense. *Id.* This ruling means, as a matter of law, that Stanko is not entitled to a sentence reduction.

The issue of whether Stanko qualifies for RDAP, therefore, becomes irrelevant. Stanko is not entitled to a sentence reduction, regardless of whether he is admitted into RDAP. Because Stanko supplies no other reason why his current or future detention is unlawful, he cannot obtain habeas corpus relief, and his petition is appropriately denied.

One other matter requires brief comment. In his reply to the respondents' brief, Stanko notes the recent Ninth Circuit decision in *Arrington v. Daniels*. 516 F.3d 1106 (9th Cir. 2008). Unlike *Lopez*, which considered the BOP's authority to categorically deny sentence reductions

under § 3621(e), *Arrington* examined whether the BOP followed rulemaking procedures for 28 C.F.R. § 550.58(a), a regulation that implements the statute. *Id.* at 1113-14.

As the reference to *Lopez* implies, this regulation categorically denies sentence reductions for those convicted of firearm offenses. But the issue before the *Arrington* court was whether, in the notice and comment rulemaking procedure, the BOP had substantial evidence to support such a categorical rule. The court essentially found that, because the BOP did not articulate its public safety rationale in the original rulemaking record, the rule violates the APA and is invalid. *See id.*

In his petition, Stanko does not state any issues under the APA. Nor do the respondents rely on the rule; they instead cite their discretion under § 3621(e), as the bounds of that discretion are outlined in *Lopez*. So assuming that § 550.58(a) is invalid, this outcome does not affect the underlying conclusion, that Stanko is not legally entitled to a sentence reduction. *Arrington* thus does not alter the analysis here.

**C.    Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus (Doc. No. 1) be **DENIED.**

2. This litigation be dismissed in its entirety and judgment entered.

Dated this 3rd day of October, 2008.

                                               s/ *Jeanne J. Graham*
                                               JEANNE J. GRAHAM
                                               United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **October 20, 2008**. A party may respond to

the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.